FREUND v. IMPORTERS AND TRADERS' NATIONAL BANK.

*Trial — exception to nonsuit. Bank check — payment by bank of accommodation check may be forbidden.*

An exception at trial to an order directing a nonsuit held sufficient to preserve plaintiff's rights, even though he failed directly to request the submission of the case to the jury.

Plaintiff made his check on the I. bank, where he had moneys on deposit, to the order of O., and delivered it to O. for accommodation without consideration. The check passed into the hands of B. without the payee's indorsement. The next day when the check was in possession of the bank, having been sent there by B. for certification, plaintiff's agent directed the bank officers not to pay the check and requested them to deliver the same to him. *Held,* that the bank was not authorized to pay the check and plaintiff was entitled to recover the amount thereof retained by the bank from his moneys on deposit.

A PPEAL by plaintiffs from a judgment entered upon an order of nonsuit at the circuit.

The action was brought by Max Freund and others to recover the amount of a balance of deposit. The facts fully appear in the opinion.

*M. A. Kursheedt* and *D. T. Walden*, for appellants.

*R. W. Townsend* and *A. R. Dyett*, for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. The plaintiffs, as depositors, brought this action to recover a balance of their bank account with the defendant, amounting to $738.88. Before the action was brought, they drew their check for the same amount, payable to the order of M. Oppenheimer & Sons, and delivered it to them for their accommodation. This check was dated on the 1st day of December, 1869, and very soon after it was delivered, it passed into the hands of N. Blun & Sons, without the indorsement of the payees on it.

The next forenoon the plaintiffs directed the defendant not to pay the check, but its officers declined to comply with the direction. Before the direction not to pay was given, N. Blun & Sons had presented the check to the defendant for certification, and it had been formally certified. But the evidence of the plaintiff Freund, who gave the direction prohibiting payment, tended to show that at the time when it was given, the check, though certified, was still in the hands of the officers of the bank. He stated that the president informed him that the check was sent by Nathan Blun & Sons for certification; that he requested the bank to give him the check, and they refused to do that. These statements would justify the inference that the defendant never had delivered the certificate made by it upon the check. And for the purpose of determining the propriety of the nonsuit, the plaintiffs are entitled to the benefit of all such inferences as the jury would have been warranted in finding in their favor.

They resisted the application made to dismiss their complaint, and accordingly in no manner waived their right to have any disputed question of fact, material to the disposition of the case, decided by the jury. If the evidence disclosed an inquiry of that nature, then the court erred in deciding the case itself, and the exceptions taken by the plaintiffs to the ruling by which that was done, will entitle them to another trial, even though they failed to directly request its submission to the jury. *Sheldon* v. *Atlantic F. & M. Ins. Co.*, 26 N. Y. 460, 464; *Stone* v. *Flower*, 47 id. 566; *Scofield* v. *Hernandez*, id. 313.

As the check was not indorsed by the payees at the time when it was certified by the defendant, and the direction not to pay it was given, N. Blun & Sons, who had constructive possession of it in that condition, were no more than ordinary assignees of it. Their right to hold it, or insist upon its payment, was no greater than that of Oppenheimer & Sons, from whom they received it, and to

whose order it had been made payable. And as it was a mere accommodation check, drawn and given without any actual consideration, the plaintiffs had the right to countermand the payment of it at any time before the defendant rendered itself liable upon it. Before that it was at most a mere direction to the defendant to pay so much of the plaintiffs' funds as it amounted to over to the payees, or their order. It was a voluntary assent to that disposition of the money they had in the defendant's hands.

And no obligation was imposed upon them preventing the direction and assent from being withdrawn at any time before it was acted upon by the defendant, as long as the check was not transferred by indorsement to a holder for value. The evidence tended to show that the bank had merely certified, but had not delivered its certificate. When it was prohibited from paying the check, the certificate, in that condition, imposed no obligation or liability on the bank for the payment of the amount to the holders. A delivery, as well as the making of the certificate, was necessary to render the defendant liable upon it; until that took place the certificate was entirely subject to the defendant's control.

It was not bound to deliver it at all, but it had the right to reconsider and erase, or otherwise remove it, at any time before it passed out of its control by a delivery. And it became the defendant's duty to do that, when the notice was received, forbidding payment of the check.

It had then incurred no liability by means of its certificate, and it was not afterward at liberty to create it and charge the plaintiffs' funds with the consequences of it. As the fund stood when the notice was given the plaintiffs were the only persons entitled to receive it from the defendant. And it had no authority after that to deprive them of that right by a subsequent delivery of the certificate.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

*Judgment reversed and new trial ordered.*